IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02563-BNB

MOHAMMED SALEH,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
RON WILEY, Warden,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Mohammed Saleh, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, among other statutes. He asks for money damages and injunctive relief.

Mr. Saleh has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the complaint liberally because Mr. Saleh is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.

*See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Saleh will be ordered to file an amended complaint.

The Court has reviewed Mr. Saleh's complaint, and finds that it is deficient. Mr. Saleh asserts three claims for relief. His first claim clearly is asserted pursuant to the FTCA. His second and third claims allege that his constitutional rights have been violated but he fails to state clearly whether these claims are asserted pursuant to *Bivens*. A claim similar to his third claim also appears to have been asserted in *Saleh v. Federal Bureau of Prisons*, No. 05-cv-02467-PAB-KLM (D. Colo. filed Dec. 7, 2005), currently pending before the Court.

In order to succeed in a *Bivens* action, Mr. Saleh must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). However, he may not assert his *Bivens* claims against the United States. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). In the instant action, it is not clear which claims Mr. Saleh is asserting against the United States and which he is asserting against Ron Wiley, ADX warden. To the extent Mr. Saleh asserts an FTCA claim, he should note that in an FTCA action, the United States is the only proper defendant. 28 U.S.C. § 2679(d)(1).

Assuming Mr. Saleh's second and third claims are suing Mr. Wiley under *Bivens*, Mr. Saleh fails to allege Mr. Wiley's personal participation in his third claim. Mr. Saleh must assert personal participation by each named defendant in the *Bivens* claims. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Saleh must name and show how each named defendant

2

caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Mr. Wiley, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). In order to state a claim in federal court, Mr. Saleh's amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Context matters in providing a short and plain statement of a claim as required pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Id.* at 1249-50 (emphasis in original). "These same generalities can be stated of complaints in *Bivens* cases." *Smith*, 561 F.3d at 1104.

Mr. Saleh will be directed to file an amended complaint asserting all of the claims he seeks to assert against all the defendants he plans to sue, to clarify which claims are

3

asserted pursuant to the FTCA and which are asserted pursuant to *Bivens*, to clarify which defendant is being sued pursuant to the FTCA and which pursuant to *Bivens*, and to allege the individual defendants' personal participation in the *Bivens* claims. Accordingly, it is

ORDERED that Plaintiff, Mohammed Saleh, file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Saleh, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Saleh fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 4, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02563-BNB

Mohammed Saleh
Reg No. 34853-054
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk