IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02563-BNB

MOHAMMED SALEH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
RON WILEY, Warden, USP-Max,
SARA REVELL, Warden USP,
D. KRIST, SIA,
JOHN DOE,
MICHAEL COLLINS, Unit Manager,
F.N.U. BREAN, Officer, and
CINDY HEIM, ISM,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Mohammed Saleh, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He filed *pro se* a Prisoner Complaint for money damages and injunctive relief pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, among other statutes. Mr. Saleh was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has paid the initial partial filing fee.

    On November 4, 2009, the Court ordered Mr. Saleh to file an amended complaint that clearly identified which claims were being asserted pursuant to ***Bivens*** and which claims were being asserted pursuant to the FTCA. The November 4 order

pointed out that, to the extent Mr. Saleh asserted an FTCA claim, he should note that in an FTCA action, the United States is the only proper defendant. 28 U.S.C. § 2679 (d)(1). The November 4 order also pointed out that a claim similar to his third of three claims also appeared to have been asserted in **Saleh v. Federal Bureau of Prisons**, No. 05-cv-02467-PAB-KLM (D. Colo. filed Dec. 7, 2005), currently before the Court.

The November 4 order also directed Mr. Saleh to assert the personal participation of each named defendant in the **Bivens** claims. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). The Court noted that to establish personal participation, Mr. Saleh must name and show how each named defendant caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). The Court further noted there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). The Court also noted that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). The Court explained that in order to state a claim in federal court, Mr. Saleh's amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

The November 4 order touched on the importance of complying with Rule 8(a)(2) of the Federal Rules of Civil Procedure regarding the asserted **Bivens** claims:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). The November 4 order explained "[t]hese same generalities can be stated of complaints in *Bivens* cases." *Smith*, 561 F.3d at 1104.

On January 4, 2010, Mr. Saleh filed an amended complaint. The Court must construe the amended complaint liberally because Mr. Saleh is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Saleh will be ordered to file a second and final amended complaint.

The Court has reviewed Mr. Saleh's complaint, and finds that it remains deficient. Mr. Saleh now asserts seven claims for relief. His first claim clearly is asserted pursuant to the FTCA. His second, fourth, fifth, sixth, and seventh claims allege that his constitutional rights have been violated but he fails to state clearly whether these claims are asserted pursuant to *Bivens*. Mr. Saleh was directed in the November 4 order for an amended complaint to identify his *Bivens* claims. His third claim appears to be an alien's action for tort asserted pursuant to the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350.

Mr. Saleh's amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2). The twin purposes of a complaint are to give the opposing

3

parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Saleh is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

    Mr. Saleh's claims are organized poorly and are prolix or vague. Each claim unnecessarily incorporates by reference to the numbered paragraphs in the prior claim or claims. Mr. Saleh fails to define the acronyms he uses, such as "R & D" or "D/B." His non-FTCA claims lack sufficient facts to demonstrate each defendant's involvement in the alleged violations. For example, he fails to allege facts in support of his third and fourth claims. His third claim, asserted pursuant to the TVPA, merely challenges what he characterizes as his prolonged, solitary confinement under harsh conditions at ADX, a conclusory allegation devoid of dates, times, or any facts that would put the named defendants on notice as to what conduct supports the claim. His fourth claim merely

makes the vague and conclusory allegation that his personal mail is being delayed from four to six months. Mr. Saleh is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Therefore, Mr. Saleh will be directed to file a second and final amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8, and stands on its own without referring to any complaint previously filed in this action. Accordingly, it is

ORDERED that Plaintiff, Mohammed Saleh, file **within thirty (30) days from the date of this order** a second and final amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Saleh, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Saleh fails to file a second and final amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED January 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02563-BNB

Mohammed Saleh
Reg No. 34853-054
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By _____
    Deputy Clerk