IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02563-PAB-KLM

MOHAMMED SALEH,

    Plaintiff,

v.

RON WILEY, in his Individual Capacity,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Entry of Judgment on the Federal Tort Claims Act Claim or, in the Alternative, for Judgment on the Pleadings** [Docket No. 90; Filed January 6, 2012] (the "Motion"). The Motion is referred to this Court for recommendation. [#98]. The Motion is fully briefed and ripe for resolution. The Court has reviewed the Motion, the briefing, the case record, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Court respectfully recommends that the Motion be **DENIED**.

### I. Summary of the Case

Plaintiff initiated this lawsuit *pro se* on October 23, 2009. *See* [## 1, 3]. The District Judge resolved the first round of dispositive motions on July 8, 2011, which narrowed the claims before the Court. *See Ord.*, [#61]. The District Judge allowed only Plaintiff's Claim Two to proceed, which "alleges that defendant Wiley violated [P]laintiff's Eighth Amendment

1

rights by placing him in the transitional unit, thereby failing to protect him from assault." *Id.* at 6-9.   Defendant Wiley is the former Warden of the United States Penitentiary, Administrative Maximum Facility ("ADX"), where Plaintiff was incarcerated at the time of the events at issue.  The District Judge granted Plaintiff leave to file an amended complaint only as to Claim Two.  *Id.* at 16.

On November 7, 2011, counsel for Plaintiff entered his appearance. [#74].  Counsel filed the Second Amended Complaint, which is the operative pleading, on the same date. [#75].  The Second Amended Complaint asserts one claim against Defendant Wiley pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), consistent with the District Judge's instruction.  *See id.*  In essence, Plaintiff alleges that Defendant Wiley knew that Plaintiff had been labeled as a "snitch" after an administrative grievance filed by Plaintiff was disseminated to other inmates.  *Id.* at 5-6. Despite this knowledge, Plaintiff contends that Defendant Wiley moved Plaintiff to a unit within the ADX in which Plaintiff was attacked by another inmate, due to the inmate's perception of Plaintiff as a "snitch."  *Id.* at 7-8.  Plaintiff asserts that Defendant Wiley's failure to protect him caused him physical and ongoing emotional harm, and constituted deliberate indifference to a substantial risk of serious harm in violation of the Eighth Amendment.  *Id.* at 9.

Defendant Wiley answered the Second Amended Complaint on December 5, 2011. [#80].  Shortly thereafter, Defendant Wiley filed the instant Motion, in which he asserts that the District Judge's previous dismissal of Plaintiff's Federal Tort Claims Act ("FTCA") claim against the United States (a previously named defendant) for lack of subject matter jurisdiction pursuant to the FTCA's discretionary function exception should result in entry of judgment in favor of the United States.  *See* [#90].  Once judgment enters, Defendant

Wiley contends that the FTCA's judgment bar precludes Plaintiff's claim against him under *Bivens*. *See id.*

## II. Procedural History

In the Order resolving the first round of dispositive motions, the District Judge dismissed Plaintiff's original Claims One and Seven brought against the United States under the FTCA. [#61] at 2-6. The adjudication of the second component of Plaintiff's original Claim One is relevant to the instant Motion. In Claim One's second component, Plaintiff alleged that Defendant Wiley violated the FTCA "by transferring him to a transitional unit where he was attacked by another inmate." *Id.* at 2. The United States argued that "the Court [did] not have jurisdiction over this component because the decision to transfer plaintiff to the D/B Unit falls under the FTCA's 'discretionary function exception.'" *Id.* at 4. The District Judge agreed, and held that "it does not have jurisdiction over plaintiff's FTCA claim challenging his placement in the transitional unit." *Id.* at 6. The District Judge thus granted the United States' Motion to Dismiss. *Id.* at 15.

As mentioned above, Defendant Wiley asks the Court to enter judgment as to Plaintiff's FTCA claim pursuant to Fed. R. Civ. P. 54(b), so as to invoke the judgment bar of the FTCA, which would preclude Plaintiff's *Bivens* claim against Defendant Wiley. *See* [#90]. Defendant Wiley contends that the *Bivens* claim presently pending against him is barred because it encompasses the same subject matter as the second component of Plaintiff's original Claim One, which was dismissed pursuant to the discretionary function exception of the FTCA. [#90] at 2. Plaintiff opposes this request, and argues that the discretionary function exception implicates an absence of subject matter jurisdiction, which is not the type of dismissal contemplated by the FTCA's judgment bar. *See* [#91]. For the reasons stated below, the Court agrees with Plaintiff, and recommends that Defendant's

3

Motion be denied.

### III.  Analysis

Defendant's Motion inherently makes three requests relating to the now-dismissed FTCA claim: first, that the Court enter judgment in favor of the United States on that claim; second, that the Court certify the judgment as final pursuant to Fed. R. Civ. P. 54(b); and third, that the Court recognize the applicability of the FTCA's judgment bar to the remaining *Bivens* claim against Defendant Wiley, and dismiss it as well.[1]  As further explained below, in light of the Court's earlier finding that it lacks subject matter jurisdiction over Plaintiff's dismissed FTCA claim, the Court here holds that it is powerless to enter judgment on that claim.  Accordingly, the Court declines to issue an advisory opinion as to the remaining two requests relating to entry of judgment on the FTCA claim.

The FTCA waives sovereign immunity as to certain claims against the United States, with notable exceptions.  The "discretionary function" exception provides that the FTCA does not apply to claims based "upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  As mentioned above, the District Judge dismissed Plaintiff's FTCA claim on the basis of the statute's discretionary function exception.  In doing so, he recognized long-standing Tenth Circuit Court of Appeals precedent which holds that the Court lacks jurisdiction over an FTCA claim when the discretionary function exception applies.  *See* [#61] at 4-6 (citing *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008) (recognizing that the discretionary function exception "reasserts the

---

[1] In the alternative, Defendant makes a fourth request, for judgment on the pleadings.  A brief discussion of that request follows the analysis of the request for entry of judgment on the FTCA claim.

4

government's immunity")).

The Tenth Circuit construes the exceptions to the FTCA's waiver of sovereign immunity as depriving the Court of subject matter jurisdiction to hear an FTCA claim. *E.g.*, *Goldblatt v. Hoskings*, 402 F. App'x 386, 387 (10th Cir. 2010) (affirming lower court's dismissal based on Section 2680 exception for lack of jurisdiction); *Brown v. United States*, 384 F. App'x 815, 817 (10th Cir. 2010) (same); *Garcia v. United States Air Force*, 533 F.3d 1170, 1175 (10th Cir. 2008) (designation of the discretionary function exception as a "jurisdictional prerequisite to suit."). In *Garcia*, the Tenth Circuit explicitly described the discretionary function exception as a "jurisdictional prerequisite to suit." 533 F.3d at 1175. The court reiterated its previous determination that, "[i]f the discretionary function exception applies to the challenged conduct, the United States retains its sovereign immunity and the district court lacks subject matter jurisdiction to hear the suit." 533 F.3d at 1175-76 (citation omitted).[2] As discussed in more detail below, in the absence of jurisdiction, the Court lacks the power to enter judgment.

The Tenth Circuit has recently noted the Court's lack of power to enter judgment in the absence of subject matter jurisdiction based on long-standing Supreme Court precedent. In *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012), the Tenth Circuit cited *Bell v. Hood*, 327 U.S. 678 (1946), which pre-dates the FTCA, for this proposition.[3] In *Bell*, the plaintiffs sought to bring constitutional claims for money

---

[2] *Compare Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir. 2010) (reiterating its minority position that "the exceptions contained in § 2680 are mandatory rules of decision rather than restrictions on a court's subject matter jurisdiction"), *with Hallock v. Bonner*, 387 F.3d 147, 155 (2d Cir. 2004) (concluding that "an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA does not result in a 'judgment in an action under section 1346(b) . . . .'").

[3] The FTCA was enacted in 1948. 28 U.S.C. § 1346 (West 2012).

5

damages against the United States.  327 U.S. at 679.  The defendants asserted that the plaintiffs did not present colorable constitutional claims, because the claims were actually founded in state tort law.  The defendants thus asked the court to dismiss the action for lack of subject matter jurisdiction.  *Id.* at 680-81.  The Supreme Court rejected the defendants' suggestion that plaintiffs' failure to state a proper cause of action in their complaint would defeat jurisdiction.  *Id.* at 682.  The Supreme Court emphasized: "For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."  *Id.*

In other words, there is a meaningful distinction between dismissal and entry of judgment, especially when the Court has made a determination regarding subject matter jurisdiction.  The Tenth Circuit recognized this distinction in *Arocho v. Lappin*, 461 F. App'x 714, 2012 WL 401516 (10th Cir. 2012).  In *Arocho*, the Tenth Circuit remanded the trial court's dismissal of a defendant with prejudice for lack of personal jurisdiction.  2012 WL 401516 at *4.  The Tenth Circuit instructed that such dismissal should be without prejudice, because without personal jurisdiction, "the court is powerless to proceed to an adjudication."  *Id.* (citation omitted).  The same holds true for subject matter jurisdiction. *Id.*  The court stated that "[a]bsent the power to proceed to an adjudication, a court must dismiss without prejudice *because it cannot enter a judgment on the merits*."  *Id.* (citation omitted) (emphasis in original); *see also Beals v. U.S. Dep't of Justice*, No. 11-4187, 2012 WL 362003, at *1, *2 (10th Cir. 2012) (affirming dismissal of FTCA claim and noting that "[d]istrict courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived" (citation and internal quotations omitted)).

Additionally, the Tenth Circuit's decision in *Neiberger v. Rudek*, 450 F. App'x 719 (10th Cir. 2011) is analogous.  *Neiberger* concerned a petition for federal habeas corpus

relief, which the trial court dismissed with prejudice as time-barred. 450 F. App'x at 721. On appeal, the Tenth Circuit found that the court lacked subject matter jurisdiction over the habeas petition, because the petitioner failed to demonstrate that he was in custody when he filed the petition. *Id.* at 722. The appellate court held that the lack of subject matter jurisdiction due to the absence of the "in custody" requirement constituted a jurisdictional bar to suit. *Id.* The court opined: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (citation omitted). The Tenth Circuit remanded the case with instructions to the trial court to vacate the judgment entered on the basis of the applicable limitations period, and to dismiss without prejudice the petition for lack of subject matter jurisdiction. *Id.* at 723; *cf. Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (remanding to the trial court "with directions to VACATE" its judgment on the basis that the claims adjudicated by the trial court were moot); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

Similarly, in *Heffington v. Bush*, 337 F. App'x 741(10th Cir. 2009), the Tenth Circuit remanded an FTCA case in which the trial court had entered judgment pursuant to a dismissal with prejudice. The Tenth Circuit found that the court did not have subject matter jurisdiction over the case for two reasons: the discretionary function exception and the FTCA's exhaustion requirement. 337 F. App'x at 742-43. The court explained that, "having properly determined that subject matter jurisdiction is lacking, the district court's dismissal should have been without prejudice." *Id.* at 743. The court remanded the case with

7

instructions to the trial court to "vacate its order and judgment and dismiss [the] action without prejudice for lack of subject matter jurisdiction." *Id.*

Applying the above-stated conclusions to the instant case, the District Judge's findings that the United States is immune from the FTCA claim due to application of the discretionary function exception and that the Court consequently lacks subject matter jurisdiction over that claim require that the Court merely "announc[e] [that] fact and dismiss the [claim]" without entry of judgment.[4] Simply stated, the Court lacks the power to grant Defendant's request to enter judgment in favor of the United States on the FTCA claim. Therefore, the Court recommends finding that the dismissal of Plaintiff's FTCA claim based on a statutory exception to the FTCA's waiver of sovereign immunity and resulting lack of subject matter jurisdiction deprive the Court of the power to enter a judgment in favor of the United States. For this reason, to the extent that Defendant requests entry of judgment on the FTCA claim, the Motion should be denied.

Finally, Defendant does not present a well-developed argument regarding the portion of the Motion that seeks "entry of judgment on the pleadings." Instead, Defendant appears to argue that because dismissal of Plaintiff's FTCA claim operates to bar Plaintiff's *Bivens* claim, the Court may "conclude that Plaintiff fails to state a plausible *Bivens* claim under the circumstances, and so his claim should be dismissed and judgment entered under Fed. R. Civ. P. 12(c)." [#90] at 13. As discussed above, Defendant's premise is faulty, in that dismissal of Plaintiff's FTCA claim for lack of subject matter jurisdiction does not "bar" Plaintiff's *Bivens* claim. Accordingly, the Motion should be denied.

---

[4] *Cf. Garcia*, 533 F.3d at 1174-75 (affirming the lower court's grant of summary judgment in favor of defendant on the basis of the discretionary function exception; the lower court construed the motion for dismissal for lack of subject matter jurisdiction as a motion for summary judgment "because jurisdictional issues were intertwined with the merits of the case").

## IV. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that Defendant's Motion for Entry of Judgment on the Federal Tort Claims Act Claim or, in the Alternative, for Judgment on the Pleadings [#90] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 12, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge