IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02563-PAB-KLM

MOHAMMED SALEH,

    Plaintiff,

v.

RON WILEY, in his individual capacity,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") [Docket No. 100], which recommends that the Court grant the motion for summary judgment filed by defendant Ron Wiley [Docket No. 87]. On July 3, 2012, plaintiff Mohammed Saleh filed timely objections [Docket No. 102] to the Recommendation. The Court therefore will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[1]

Plaintiff has brought an Eighth Amendment claim against the former warden of the United States Penitentiary – Administrative Maximum ("ADX"), where plaintiff was previously incarcerated. He claims that defendant was deliberately indifferent to a substantial risk of harm to plaintiff by virtue of plaintiff being labeled a "snitch" by other inmates, which resulted in plaintiff being assaulted by such inmates. The

---

[1] Because the Recommendation contains a detailed summary of the facts, the Court will not recite them here.

Recommendation concluded that plaintiff failed to exhaust his administrative remedies through the inmate grievance procedures of the Federal Bureau of Prisons ("BOP") as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e *et seq*. Docket No. 100 at 16. Specifically, the Recommendation found that plaintiff's administrative grievances were too vague to give prison officials a fair opportunity to investigate and resolve his complaint. *Id*. at 18-19.

Plaintiff objects, arguing that his administrative grievances were sufficient to notify prison officials of his Eighth Amendment claim. Docket No. 102 at 1-3. Plaintiff contends that, because defendant Wiley had knowledge of the risk to plaintiff's safety in the D/B unit,[2] he had a fair opportunity to investigate plaintiff's Eighth Amendment claim. *Id*. at 8. Finally, plaintiff claims that the magistrate judge ignores genuine disputes of material fact when she recommends granting defendant Wiley's motion for summary judgment. *Id*. at 9-10.

The PLRA directs that "[n]o action shall be brought with respect to prison conditions" until a prisoner exhausts his available remedies.[3] 42 U.S.C. § 1997e(a);

---

[2]ADX employs a step-down program which allows inmates housed at the facility to progress through stratified levels of restrictive housing based on behavior. Docket No. 92-1 at 5, ¶¶ 14-15. The D/B unit is the final phase of the step-down program and is the least restrictive. *Id*.

[3]The Federal BOP administrative process to redress inmate grievances is codified at 28 C.F.R. §§ 542.10 *et seq*. and sets out a four-level process. The first level is informal resolution with prison staff. 28 C.F.R. § 542.13(a). Requests for Informal Resolution Forms are not assigned a remedy identification number and are not tracked. If unable to resolve the complaint informally, the inmate may then submit an administrative remedy request to the Warden (a BP-9 request). 28 C.F.R. § 542.14. At this second level, the requests are assigned a remedy identification number and an F-1 extension. The third level of the administrative process involves filing an appeal at the regional level (a BP-10 request), which is assigned an R–1 extension. *See* 28 C.F.R.

*Porter v. Nussle*, 534 U.S. 516, 532 (2002). A remedy is not exhausted if the prisoner fails to follow prison procedures for pursuing administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). The exhaustion requirement is an affirmative defense, which defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). Moreover, exhaustion of administrative remedies under the PLRA is a question of law for the Court to decide. *Drippe v. Tobelinski,* 604 F.3d 778, 781 (3d Cir. 2010).

In the Tenth Circuit, a prisoner satisfies § 1997e(a)'s exhaustion requirement so long as the administrative grievance provides prison officials with enough information to investigate and resolve his or her complaint. *Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 2006), *overruled in part on other grounds by Robbins v. Okla. ex. rel. Dep't of Human Servs.*, 519 F.3d 1242, 1246-47 (10th Cir. 2008). A prisoner's duty to exhaust administrative remedies, therefore, is fulfilled when prison officials are given adequate notice of the nature of his complaint. *Id*.

Plaintiff's second amended complaint makes one principal allegation: that defendant Wiley was deliberately indifferent to a serious risk to plaintiff's safety when defendant Wiley kept him in the D/B unit despite his knowledge that plaintiff had been labeled a "snitch" by the Aryan Brotherhood ("A.B."). See Docket No. 75 at 9, ¶ 58. For plaintiff to have exhausted his administrative remedies as to this claim, his administrative grievances must have "provide[d] prison officials a fair opportunity to

---

§ 542.15(a). The fourth and final level of appeal is to the Director of National Inmate Appeals in the Office of the General Counsel in Washington, D.C. (a BP-11 request) and is assigned an A-1 extension. See 28 C.F.R. § 542.15(a).

investigate and resolve the complaint internally even [if plaintiff did not] specifically identify[] [defendant Wiley]." *Kikumura*, 461 F.3d at 1284.

The Court agrees with the Recommendation's conclusion that plaintiff failed to exhaust his Eighth Amendment claim against defendant Wiley. Although plaintiff's administrative grievances mention terms such as the "Eighth Amendment," "failure to protect," "deliberate indifference," and "risk of serious harm," these allegations are not specific to plaintiff's claim that defendant Wiley failed to protect him. *See generally* Docket No. 87-4. First, plaintiff does not limit his administrative grievances to his unique circumstances (i.e. his increased risk of serious injury because he has been labeled a "snitch" by the A.B.), but instead asserts an Eighth Amendment claim on behalf of all prisoners in the D/B unit. *See* Docket No. 87-4 at 4 (BP-9 request) ("prison official's [sic] failed their official duty by not providing the *prisoners* with safe environment"); *see also id*. at 8 (BP-10 request) ("such conditions of incarceration posed a substantial risk of serious risk of harm on *me & other's* [sic] and the officials' acted with deliberate indifferent to my safety and other's.") (emphasis added). Even when read in a light most favorable to plaintiff, his administrative grievances allege only that establishing the segregated D/B unit has created an unsafe prison environment wherein prison officials fail to protect prisoners in violation of the Eighth Amendment. *See* Docket No. 87-4 at 4 (BP-9 request) ("The prison officials by creating segregated unit like D/B . . . posed a subst[ant]ial risk of serious harm" for me & others); *id*. at 8 (BP-10 request) (same); *id*. at 11 (BP-11 request) (same). Because plaintiff's grievances fail to mention any facts about his unique vulnerability to harm (i.e. his label

as a snitch, the A.B., and defendant Wiley) or the specific nature of the injuries he suffered during the September 25, 2008 incident, plaintiff's administrative grievances were not sufficient to notify prison officials that his claim was related to defendant Wiley's failure to protect him after plaintiff was labeled a snitch. Plaintiff's general allegations could not provide "prison officials with enough information to investigate" whether defendant Wiley was deliberately indifferent to a serious risk to plaintiff's safety. *Kikumura*, 461 F.3d at 1285; *see also Sayed v. Profitt*, 415 F. App'x 946, 949 n.4 (10th Cir. 2011) (noting that, despite the similarity of the issue, prisoner who raised and exhausted the issue of his right to perform partial ablution did not also raise the issue of a right to perform full ablution); *Barnes v. Allred*, 2012 WL 1436052, at *2-3 (10th Cir. April 26, 2012) (finding that a prisoner's general grievance about abdominal pain did not provide prison officials with enough information to address his claim that a prison doctor was deliberately indifferent to his serious medical condition). Plaintiff cannot exhaust his administrative remedies for a discrete claim against a single prison official simply by mentioning the Eighth Amendment and various other legal terms. *See Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) (a grievance should allow "prisons to address specific complaints internally to obviate the need for litigation . . . and creat[e] a useful administrative record") *overruled on other grounds by Jones*, 549 U.S. 199. Accordingly, the Court finds no error with the Recommendation's conclusion that plaintiff failed to exhaust his administrative remedies. *Kikumura*, 461 F.3d at 1283.

Second, the Court finds that the BOP did not willfully ignore plaintiff's Eighth Amendment claim during the administrative remedy process.  Plaintiff's administrative grievances focused primarily on his Fifth Amendment due process claim based on his removal from the D/B unit.  *See e.g.,* Docket No. 87-4 at 4 (BP-9 request) ("My complain [sic] [is that] I was removed from the Step-down Unit D/B at USP and brought back to ADX without any due process"); *id*. at 8 (BP-10 request) ("My appeal for the same reason for the Regional director about removing me from the step-down unit D/B without my procedural due process"); *id*. at 11 (BP-11 request) ("removing me from the step-down unit D/B without any procedural due process").  Moreover, based on the BOP's responses to plaintiff's administrative grievances, it is clear that prison officials interpreted plaintiff's administrative requests as raising a Fifth Amendment due process claim.  *See e.g.,* Docket No. 87-4 at 6 (BP-229 response) ("you are challenging your removal from the Pre-Transfer Unit (D/B Unit) . . . [y]ou state this action violated your due process rights and constitutes cruel and unusual punishment."); *id*. at 9 (Regional appeal response) ("For relief, you request your right to due process."); *id*. at 12 (National Inmate Appeals response) ("You also claim to have been denied due process").  As noted in the Recommendation, throughout the appeal process, plaintiff "did nothing to correct this interpretation of his complaint during the appeals process . . . [and] filed subsequent grievances that served to reinforce the BOP's interpretation of his complaint."  Docket No. 100 at 17.  If plaintiff believed that the BOP had

misinterpreted his grievances, it was incumbent on him to alert prison officials of their erroneous interpretation.[4]

In addition, plaintiff presents no evidence that prison officials willfully ignored his Eighth Amendment claim. The responses to plaintiff's grievances show no intent on the part of prison officials to hide or otherwise refuse to investigate plaintiff's complaints. *See* Docket No. 87-4 at 6-12. In fact, plaintiff's assertion is belied by the fact that defendant Wiley discussed the September 25, 2008 incident in his response to plaintiff's BP-9 request. *Id.* at 6. Moreover, plaintiff does not allege that prison officials – or defendant Wiley – made his administrative remedies "unavailable" because they threatened, intimidated, or restricted his ability to file administrative grievances. *See Tuckel v. Grover*, 660 F.3d 1249, 1253-54 (10th Cir. 2011) (to show that his administrative remedies were unavailable a prisoner must show "(1) that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a

---

[4]To the extent plaintiff alleges that he did not mention defendant Wiley by name because he feared retaliation, Docket No. 92-1 at 7, ¶ 25, plaintiff fails to include any evidence of threats, retaliation, or intimidation by defendant Wiley. In addition, plaintiff does not explain why he did not utilize the BOP's specially tailored administrative remedy for confidential communications. *See* 28 C.F.R. § 542.14(d)(1) ("[i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director"). Moreover, plaintiff does not explain why he did not clarify his "failure to protect" claim when he appealed to the regional director or to the director of National Inmate Appeals. As noted above, the grievance process allows for the informal resolution of prisoner claims in order to avoid litigation. *Nussle*, 534 U.S. at 525. Therefore, plaintiff's failure to clarify his allegations during his appeal to the regional director or to the director of National Inmate Appeals deprived prison officials of the opportunity to investigate his Eighth Amendment claim.


grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust."). Consequently, plaintiff's argument that BOP officials intentionally ignored his Eighth Amendment claim is without merit.

Additionally, the Court finds no error with the Recommendation's refusal to consider plaintiff's informal conversations with defendant Wiley. Docket No. 100 at 18-19. The PLRA exhaustion requirement mandates the proper exhaustion of all claims. *Woodford*, 548 U.S. at 93; *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (finding that a prison grievance system will not have a fair opportunity to consider the grievance unless the grievant complies with the system's critical procedural rules). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Woodford*, 548 U.S. at 95. Moreover, in enacting the PLRA, Congress eliminated the courts' discretion to dispense with administrative exhaustion. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Thus, when administrative remedies are clearly laid out, as in this case, a prisoner must comply with them in order to exhaust his remedies and is not permitted to pick and choose how to present his concerns to prison officials. *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011).

Because plaintiff's informal statements to defendant Wiley are not a part of the BOP's grievance procedure, they cannot constitute a basis for plaintiff to have exhausted his claim.[5] *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)

---

[5]Plaintiff's failure to provide facts about defendant Wiley or the September 25, 2008 incident restricted the ability of prison officials to commence an investigation by

(rejecting a prisoner's argument that he gave prison officials notice of his claim by means other than the grievance process because "the doctrine of substantial compliance does not apply" to PLRA cases). Allowing plaintiff to circumvent the BOP's grievance procedures through informal comments to prison officials would frustrate the purposes of PLRA because a "prisoner who has previously complained of abuse somehow [would have] a free ticket to bring similar complaints in the future . . . without complying with the prison's internal grievance process." *Herrera v. Cnty. of Santa Fe*, 79 F. App'x 422, 424 (10th Cir. 2003). Accordingly, the Court finds no error with the Recommendation's refusal to consider materials outside of plaintiff's administrative grievances.[6]

---

the Special Investigative Services. Moreover, plaintiff's omission failed to alert the regional director and the director of National Inmate Appeals about the nature of his claim. The importance of clearly explaining a claim during the administrative remedy process is underscored by the fact that the regional director and the director of National Inmate Appeals had no knowledge of plaintiff's informal conversations with defendant Wiley. Thus, plaintiff's omission of relevant factual information divested the regional director and the director of National Inmate Appeals of "a fair opportunity to investigate and resolve" plaintiff's complaint internally. *Kikumura*, 461 F.3d at 1284.

[6]The legal citations provided by plaintiff do not support his argument that informal conversations could satisfy the PLRA's exhaustion requirement. First, in *Green v. Federal Bureau of Prisons*, No. 07-cv-01011-DME-MEH, 2009 WL 150650 (D. Colo. Jan. 21, 2009), the Court found that the plaintiff had exhausted his administrative remedies because his appeal to the regional director clearly identified the basis of his claim. *Id*. at *8. In *Green*, the court did not rely on informal conversations with prison officials, but instead on the fact that plaintiff's grievances clearly identified his claim and the nature of his complaint. *Id*. Second, in *Sanders v. Williams*, 2010 WL 1631767 (D.N.M. March 20, 2010), the prisoner's grievances included (1) the fact that he was falsely identified as a gang member, (2) the name of the administrator who falsely identified him as a gang member, and (3) the names of other prison guards whom he had told he was not a gang member. *Id*. at 10-14. Similarly, the court in *Sanders* found that plaintiff exhausted his administrative remedies based on the text of plaintiff's grievances and not plaintiff's informal conversations with prison guards. *Id*.

Finally, the Court finds that the Recommendation did not ignore disputed issues of material fact. Although the Tenth Circuit has not decided whether exhaustion of the PLRA is a question of law, other Circuits that have confronted the issue have concluded that, under the PLRA, the determination of whether a prisoner has exhausted his administrative remedies is a legal question for the Court. *Drippe*, 604 F.3d at 781; *see also Messa v. Goord*, 652 F.3d 305, 310 (2d Cir. 2011) (finding that prisoners are not entitled to a jury trial on a factual dispute regarding failure to exhaust administrative remedies required by the PLRA); *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) (finding that factual disputes concerning exhaustion may be resolved by judges); *see, e.g., Feuer v. McCollum*, 139 F. App'x 928, 931 (10th Cir. 2005) (finding district court did not abuse its discretion in denying an evidentiary hearing because only a question of whether plaintiff had exhausted his administrative remedies was at issue). Because the Court finds that plaintiff's administrative grievances were insufficient to notify prison officials of his claim against defendant Wiley, there were no material issues of disputed facts for the magistrate judge to consider. Accordingly, defendant Wiley is entitled to summary judgment on plaintiff's Eighth Amendment claim.

Based on the foregoing, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 100] is **ACCEPTED**. It is further

**ORDERED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [Docket No. 87] is **GRANTED**. It is further

**ORDERED** that summary judgment shall enter in favor of defendant Ron Wiley and against plaintiff on his Eighth Amendment claim. It is further

**ORDERED** that this case shall be closed in its entirety.

DATED September 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge