IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02563-PAB-KLM

MOHAMMED SALEH,

    Plaintiff,

v.

United States of America, et al.,

    Defendants.

## ORDER

This matter is before the Court on the Joint Motion to Amend the Judgment [Docket No. 115] and the Joint Stipulation for Dismissal with Prejudice [Docket No. 114] filed by plaintiff Mohammed Saleh and defendants the United States of America, Ron Wiley, Sara Revell, Dianna Krist, Michael Collins, F.N.U. Brean, and Teresa Herman. The parties seek the same relief in their motion and stipulation, namely, that the Court amend the Final Judgment [Docket No. 107] to include the dismissal with prejudice of plaintiff's fourth claim for relief.

On October 23, 2009, plaintiff filed this case alleging that defendants violated his constitutional rights. On March 19, 2010, plaintiff filed an amended complaint raising eight claims for relief against defendants. Docket No. 13. After defendants filed motions to dismiss [Docket Nos. 34-40], the magistrate judge recommended [Docket No. 57] that the Court dismiss plaintiff's first claim for relief without prejudice and dismiss his remaining seven claims with prejudice. Docket No. 57 at 33. The Court accepted in part and overruled in part the magistrate judge's recommendation [Docket

No. 61] and dismissed plaintiff first, third, fifth, sixth, seventh, and eighth claims. Docket No. 61 at 15-16.  The Court also ordered plaintiff to file a second amended complaint as to his second claim, alleging violations of his Eighth Amendment rights, and to show cause, no later than August 5, 2011, why his fourth claim, asserting violations of his First Amendment rights, was not moot given his transfer from United States Penitentiary Administrative Maximum ("ADX") in Florence, Colorado, to USP Marion in Illinois.  *Id*. at 15-16.

On September 6, 2011, the magistrate judge gave plaintiff an extension of time to respond to the Court's order to show cause and to file an amended complaint. Docket No. 65.  Plaintiff received another extension on August 12, 2011 [Docket No. 69] and a third on October 3, 2011 [Docket No. 73].  On November 7, 2011, plaintiff filed a second amended complaint that included only one claim, relating to violations of his Eighth Amendment rights [Docket No. 75].  He did not, however, file a response to the order to show cause with regard to his fourth claim in the amended complaint.

Subsequently, defendants filed a motion for summary judgment [Docket No. 87] as to plaintiff's Eighth Amendment claim, which the magistrate judge recommended granting [Docket No. 100].  On September 24, 2012, the Court accepted the magistrate judge's recommendation and granted defendants' motion for summary judgment [Docket No. 105].  Defendants also filed a motion for entry of judgment pursuant to Fed. R. Civ. P. 54(d) as to plaintiff's previously dismissed claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 [Docket No. 90], which the magistrate judge recommended denying [Docket No. 99].  Because the Court entered summary judgment in favor of defendants and against plaintiff on plaintiff's Eighth Amendment

claim [Docket No. 105], the only remaining claim in this case, the Court denied defendants' motion for entry of judgment as moot [Docket No. 106] and found the Recommendation [Docket No. 99] moot as well. On September 26, 2012, Final Judgment [Docket No. 107] entered and plaintiff filed a notice of appeal on November 26, 2012 [Docket No. 108].

On April 3, 2013, the Tenth Circuit issued an order tolling plaintiff's appeal [Docket No. 113]. In its order, the Tenth Circuit indicated that the Final Judgment [Docket No. 107] does not dispose of plaintiff's fourth claim in his amended complaint [Docket No. 13] regarding alleged violations of his First Amendment rights. Docket No. 113 at 1-2. In the present motion, the parties request that the Court enter an amended final judgment pursuant to Fed. R. Civ. P. 58(d) dismissing plaintiff's fourth claim for relief with prejudice. Docket No. 115 at 1.

Although the parties cite to Rule 58, given that the case is closed and final judgment has entered, the Court may not enter judgment pursuant to Rule 58. Instead, the Court may alter or amend the final judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In this case, the parties filed their motion more than twenty eight days after the entry of final judgment; therefore, Rule 60(b) applies. *Id*. Accordingly, the Court will construe the motion to amend the judgment as having been made pursuant to Rule 60(b).

Generally, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58-

59 (1982); *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). However, a district court may deny a Rule 60(b) motion filed while a case is on appeal or a district court may notify the appellate court of its intention to grant a Rule 60(b) motion upon proper remand. *See Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172-73 n. 1 (10th Cir. 2001) (noting the same). In this case, it is appropriate for the Court to consider the parties' motion to amend given that the Tenth Circuit has tolled plaintiff's appeal pending an order from this Court. *See* Docket No. 113.

The Court finds that the parties are entitled to relief pursuant to Rule 60(b)(6). Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent or when it offends justice to deny such relief. *Id*. at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999). In this case, given that the Tenth Circuit has tolled plaintiff's appeal and the parties consent to the dismissal with prejudice of plaintiff's fourth claim of the amended complaint, the

Court finds that it would offend justice to deny the parties' request. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (noting that relief is appropriate under Rule 60(b)(6) when justice so requires). Accordingly, the Court will amend the final judgment to include the dismissal with prejudice of plaintiff's fourth claim in the amended complaint.

For the foregoing reasons, it is

**ORDERED** that the Joint Motion to Amend the Judgment [Docket No. 115] is **GRANTED**. It is further

**ORDERED** that the Clerk of the Court shall amend the Final Judgment [Docket No. 107] to reflect that plaintiff's fourth claim for relief in the amended complaint [Docket No. 13] is dismissed with prejudice.

DATED April 23, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge